ALEXANDER B. CVITAN (SBN 81746),
(Email: alc@rac-law.com)
MARSHA M. HAMASAKI (SBN 102720), and
(Email: marshah@rac-law.com)
PETER A. HUTCHINSON (SBN 225399), Members of
(Email: peterh@rac-law.com)
REICH, ADELL & CVITAN, A Professional Law Corporation
3550 Wilshire Boulevard, Suite 2000
Los Angeles, California  90010-2421
Telephone:  (213) 386-3860; Facsimile:  (213) 386-5583

Attorneys for Plaintiff Construction Laborers Trust Funds for Southern California Administrative Company, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> RICKY TYRONE GRAYSON, an individual doing business as R. T. G. MAINTENANCE CO.;  AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation, <br><br> Defendants. | CASE NO.: <br><br> COMPLAINT FOR: <br><br> 1) CONTRIBUTIONS TO EMPLOYEE BENEFIT PLANS; <br> 2) FOR SPECIFIC PERFORMANCE COMPELLING AN AUDIT; <br> 3) PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF; and <br> 4) RECOVERY AGAINST LICENSE BONDS; <br><br> [29 U.S.C. §§ 185, 1109, 1132 & 1145,  28 U.S.C. § 1367(a); and Cal. Bus. & Prof. Code § 7071.11] |

PLAINTIFF, CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company, (hereinafter collectively referred to as "TRUST FUNDS") allege as follows:

INTRODUCTION

1.     This action is brought by a fiduciary administrator on behalf of employee benefit plans to collect contributions due such plans, and to compel an employer to

1

319894.1

submit its records for a complete audit and to submit timely paid reports in accordance with the terms and conditions of the plans, the collective bargaining agreement between the employer and a labor organization, and pursuant to statutes. This action will further seek to recover a portion of the contributions pursuant to state statutes.

JURISDICTION AND VENUE

2.   The jurisdiction of this Court is grounded upon Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1109, 1132 and 1145 and Section 301 of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. § 185.  The jurisdiction of this Court over the license bond claim is grounded upon this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).  Venue is proper in this district in that the performance and breach took place within this district and the defendants reside and/or are engaged in business in this district.

PARTIES

3.   Plaintiff CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY ("CLTF") is a Delaware limited liability company, with its principal place of business in this District.  CLTF is the administrator and agent for collection of several employee benefit plans, and a fiduciary as to those plans, including the Laborers Health And Welfare Trust Fund For Southern California, Construction Laborers Pension Trust For Southern California, Construction Laborers Vacation Trust For Southern California, Laborers Training And Re-Training Trust Fund For Southern California,  Fund For Construction Industry Advancement,  Center For Contract Compliance, Laborers Contract Administration Trust Fund For Southern California,  Laborers' Trusts Administrative Trust Fund For Southern California and Southern California

2

Partnership For Jobs Trust Fund (hereinafter collectively "TRUST FUNDS").  Each are express trusts and were created by written agreements and are employee benefit plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3) and multi-employer plans within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A).  The TRUST FUNDS are jointly-managed trusts in accordance with LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), created pursuant to collective bargaining agreements between the Southern California District Council of Laborers and its Affiliated Locals ("UNION") and various employers.  The TRUST FUNDS are administered in the County of Los Angeles, State of California.

      4.     Plaintiff is informed and believes and thereon alleges that Defendant, RICKY TYRONE GRAYSON, an individual doing business under the fictitious business name of R. T. G. MAINTENANCE CO., ("EMPLOYER") in the City of Bellflower and was and now is a resident of the County of Los Angeles, State of California.

      5.     Plaintiff is informed and believes and thereupon alleges that Defendant, AMERICAN CONTRACTORS INDEMNITY COMPANY (hereinafter referred to as "ACIC") is a California corporation, licensed and authorized to perform and transact a surety business in the State of California, with its principal place of business in the City of Los Angeles, County of Los Angeles, State of California.

## FIRST CLAIM FOR RELIEF
### CONTRIBUTIONS OWED TO THE TRUST FUNDS
### (AGAINST EMPLOYER)
### [29 U.S.C. §§ 185 and 1145]

      6.     Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 5, above as if fully set forth.

      7.     At all times material herein, EMPLOYER has been and is obligated to

3

provisions of written Collective Bargaining Agreements with the Southern of California District Council of Laborers ("UNION") having executed an Agreement with the UNION on or about April 5, 1991.

8.  Pursuant to the Collective Bargaining Agreements, EMPLOYER became obligated to all the terms and conditions of the various Trust Agreements which created each of the TRUST FUNDS as they may be constituted in their original form or as they may be subsequently amended.  The Collective Bargaining Agreements and Trust Agreements will hereinafter collectively referred to as "AGREEMENTS".

9.  The AGREEMENTS obligate EMPLOYER to pay fringe benefit contributions at the rates set forth in the AGREEMENTS for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS. EMPLOYER is additionally required to submit monthly reports with these contributions, detailing the name, address, social security number and hours worked that month for each employee covered by the AGREEMENTS.  CLTF and the Trustees of the TRUST FUNDS depend on the truth and accuracy of this information, in order to not only determine the correct amount of contributions due, but to fulfill their own fiduciary duties to properly credit participants towards the benefits provided by the TRUST FUNDS.  Those contributions constitute assets of the TRUST FUNDS, pursuant to the terms of the AGREEMENTS and applicable law, from the time they are due and can be reasonably segregated from other funds.  The Trustees of the TRUST FUNDS have a fiduciary duty to marshal those assets so that they may be applied for the benefit of the participants and beneficiaries in accordance with the various Trust Agreements.

10.  By the AGREEMENTS, and pursuant to 29 U.S.C. § 1132(g)(2)(C), EMPLOYER is obligated to pay to the TRUST FUNDS, as and for liquidated damages for detriment caused by the failure of EMPLOYER to pay fringe benefit contributions in a timely manner, a sum equal to $25.00 or twenty percent (20%) of the unpaid contributions of the unpaid contributions at rates established pursuant to

319894.1

the AGREEMENTS from their respective due dates, whichever is the greater amount, for each of the TRUST FUNDS to which EMPLOYER is required to contribute.

11. By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(B), EMPLOYER is obligated for payment of interest on delinquent contributions from the due date of the contribution through the payment date of the contribution, at the per annum rate of five percent (5%) over the rate set by the Federal Reserve Board at San Francisco, California, effective on the date each contribution. The effective rate of interest as of June 15, 2017 is 6.75% per annum.

12. The AGREEMENTS provide the TRUST FUNDS, and their agent CLTF, with specific authority to examine and copy all of EMPLOYER'S payroll and business records which may be pertinent to determining whether EMPLOYER has reported all hours worked (or paid for) by employees who perform services covered under the AGREEMENTS and have paid the appropriate fringe benefit contributions to the TRUST FUNDS, and that the EMPLOYER shall be responsible for the costs of such audit.

[BREACH OF AGREEMENTS]

13. Plaintiff is informed and believes and based on such information and belief alleges that EMPLOYER employed workers who performed services covered by the AGREEMENTS and failed to pay the rates specified in the AGREEMENTS on behalf of all said workers to TRUST FUNDS and/or utilized subcontractors in violation of the subcontracting provisions of the AGREEMENTS. Additionally EMPLOYER has failed to allow an audit of his records as provided for by the AGREEMENTS.

14. All conditions to EMPLOYER'S obligations to make payments under the AGREEMENTS have been met.

[DAMAGES]

15. As a result of EMPLOYER'S failure to pay the rates specified in the

319894.1

1  AGREEMENTS, there is now owing and unpaid to the TRUST FUNDS from
2  EMPLOYER, during the period from December 2016 through March 2017, the sum
3  of at least $74,492.84  consisting of $61,362.75 in unpaid fringe benefit contributions,
4  $12,395.52, in liquidated damages, and $734.57 in interest on the late and/or unpaid
5  fringe benefit contributions owed to the TRUST FUNDS through May 31, 2017, plus
6  additional accrued interest thereafter at the plan rate(s) until payment of the
7  contribution is made.

8      16.    The failure of the EMPLOYER to pay contributions when due caused
9  harm to the TRUST FUNDS and its participants, which is impractical to accurately
10 quantify.  This may include the cost of collecting the contributions from the
11 EMPLOYER or third parties (not including the costs of this litigation), the cost of
12 special processing to restore benefit credits because of late contributions, the
13 temporary loss of insurance coverage by employees (even if later restored) and
14 medical harm to participants and beneficiaries who may have foregone medical care
15 when notified that medical insurance ceased because of their EMPLOYER' failure to
16 pay contributions.  The liquidated damages provision of the AGREEMENTS was
17 meant to compensate for this unquantifiable loss, and is based on the ratio of
18 collection costs over amounts collected, regularly reported to the Trustees.  The
19 Trustees of the TRUST FUNDS have the authority, in their discretion, to waive all or
20 part of these liquidated damages.  In this case, they have exercised their discretion by
21 declining to waive any liquidated damages.

22     17.    It has been necessary for the CLTF to engage counsel to bring this action
23 to compel compliance with the AGREEMENTS which provide that in the event
24 litigation is necessary with respect to any of the fringe benefit contributions and/or
25 damages against EMPLOYER, then EMPLOYER would pay reasonable attorney's
26 fees and all other reasonable expenses of collection, including audit fees.

27     18.    Under Sections 515 and 502(g) of ERISA, EMPLOYER is liable to the
28 TRUST FUNDS not only for the amount of delinquent contributions but also (a) for

6

319894.1

pre-judgment and post-judgment interest on the delinquent sums (as provided for in Section 502(g) of ERISA); (b) for the higher of interest or liquidated damages (as provided for in Section 502(g) of ERISA); (c) for attorneys' fees; and (d) for other relief permitted by Section 502(g) of ERISA.

## SECOND CLAIM FOR RELIEF
## FOR SPECIFIC PERFORMANCE COMPELLING AN AUDIT
## (AGAINST EMPLOYER)

19. The TRUST FUNDS reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 20, inclusive as though fully set forth herein.

20. The TRUST FUNDS' claim herein is for specific performance of the AGREEMENTS.

21. The AGREEMENTS provide the TRUST FUNDS with specific authority to examine and copy all of EMPLOYER'S payroll and business records which may be pertinent to determining whether EMPLOYER has reported and paid contributions for all hours worked (or paid for) by employees who perform services covered under the AGREEMENTS and has otherwise paid the all other amounts owed to the TRUST FUNDS.

22. The TRUST FUNDS requested access to EMPLOYER'S payroll and business records for the purpose of conducting an audit covering the period from July 1, 2013 to the date of the audit; however, EMPLOYER has failed to accommodate the audit and/or refused to allow the audit.

23. The TRUST FUNDS have no adequate or speedy remedy at law.

24. All conditions to EMPLOYER'S obligations to make payments and submit to an audit under the AGREEMENTS have been met. The TRUST FUNDS have at all times duly performed any and all contractual duties under or pursuant to

319894.1

any of the AGREEMENTS.

25. Upon completion of the audit sought herein, the TRUST FUNDS intend to seek recovery of any delinquent contributions found due, including interest, liquidated damages, audit costs, attorney's fees and costs as provided in the AGREEMENTS and 29 U.S.C. § 1132(g)(2), according to proof at the time of trial and/or other hearing.

### THIRD CLAIM FOR RELIEF
### FOR PRELIMINARY AND PERMANENT INJUNCTION
### (AGAINST EMPLOYER)

26. The TRUST FUNDS repeat and reallege each and every allegation contained in paragraphs 1 through 25, inclusive, as though fully set forth herein.

27. As part of its obligations under the AGREEMENTS, EMPLOYER is required to submit monthly reports to the Trustees indicating the names, social security number and number of hours worked by each laborer it employed. EMPLOYER are required to pay to the TRUST FUNDS, at the time the report is submitted, an amount equal to the total number of laborers hours worked (or paid for), multiplied by the applicable fringe benefit contribution rates. In addition, the AGREEMENTS require EMPLOYER to submit to a complete audit of their records.

28. EMPLOYER has failed to comply with the provisions of the AGREEMENTS as follows: During time periods from December 2016 to February 2016 monthly contribution reports were submitted by EMPLOYER without payment and EMPLOYER has failed to allow a complete audit of his records as required by the AGREEMENTS. Further, EMPLOYER has a prior history of failing to report and contribute on all hours worked or paid for by his employees as required by the AGREEMENTS. The TRUST FUNDS cannot ascertain the exact amount of contributions owed to the TRUST FUNDS and determine if the EMPLOYER has

abided by its reporting obligations under the AGREEMENTS without a complete audit. Further, the TRUST FUNDS therefore seek injunctive relief to compel the submission of timely paid reports and compliance with an audit and by the TRUST FUNDS.

29. By reason of EMPLOYER'S actions, the TRUST FUNDS have suffered and will continue to suffer extreme hardship and actual and impending irreparable injury and damage in that beneficiaries of the TRUST FUNDS acquire eligibility for health and welfare benefits and pension benefits by tabulating the number of hours reported by EMPLOYER and all contributing employers during each monthly period. The funds necessary to pay all anticipated health and welfare claims and pension claims based upon the number of hours reported to the TRUST FUNDS on behalf of individual employees. In addition, the amount of benefits payable to all employees for health and welfare and pension claims is actuarially determined on the basis of funds projected to be received from contributing employers. The submission of monthly report forms from EMPLOYER without the required payments necessarily contributes to the total potential liability of the TRUST FUNDS for health and welfare and pension claims without the TRUST FUNDS being able to readjust or recompute benefit levels based upon EMPLOYER'S failure to pay contributions on a monthly basis.

30. The TRUST FUNDS have no adequate or speedy remedy at law and this action for injunctive relief is the TRUST FUNDS' only means of securing relief.

31. It has been necessary for the TRUST FUNDS to engage counsel to bring this action to compel compliance with the AGREEMENTS provide that in the event litigation is necessary with respect to any of the fringe benefit contributions and/or damages against EMPLOYER, EMPLOYER would pay reasonable attorneys' fees and all other reasonable expenses of collection, including audit fees.

/ /

/ /

319894.1

# FOURTH CLAIM FOR RELIEF
## ON STATE CONTRACTORS LICENSE BOND
### (AGAINST ACIC)

32. Plaintiff repeats and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25, above.

33. Pursuant to various provisions of the Business and Professions Code, EMPLOYER obtained from ACIC, license bond number 100323295 ("ACIC BOND") and filed the ACIC BOND, with the Registrar of the California State Contractors License Board in the penal sum as required by statute and in favor of the State of California and the ACIC BOND was and still is in effect since at least August 30, 2016.

34. TRUST FUNDS, as assignee of the various laborers' claims for recovery of the benefit portion of their wages, fall within the class or classes of claimants as set forth in Cal. Bus. & Prof. Code § 7071.5 and Cal. Civ. Code § 8024, and is a beneficiary of the ACIC BOND.

35. Pursuant to the terms of the bonds issued by ACIC and Business and Professions Code § 7071.5, ACIC is responsible for paying up to the $4,000.00 on the ACIC BOND to the TRUST FUNDS.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

### FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF

1. For the sum of at least $61,734.57, in delinquent fringe benefit contributions and damages pursuant to the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(A);

2. Interest in the amount not less than $734.57 on the unpaid fringe benefit

319894.1

contributions and damages as required by the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2) from the date the contributions became due through May 31, 2017, plus additional accrued interest at the plan rate(s), currently 6.75% per annum;

3. For the sum of at least $12,395.52 in liquidated damages as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(C);

4. For additional fringe benefit contributions, liquidated damage, audit fees, and/or other damages and charges according to proof at the time of trial or hearing, plus interest at the plan rate(s);

6. For Plaintiff's costs of audit to be determined;

7. For reasonable attorneys' fees;

8. For the costs of suit herein; and

9. For such other and further relief as the Court deems proper.

**FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF**

1. That EMPLOYER, his managing employees, bookkeeper, accountant, agents, and all persons acting by and through, or in concert with EMPLOYER, including be compelled to forthwith submit to an audit of EMPLOYER'S payroll and business records to the TRUST FUNDS for inspection, examination and copying for the period from July 2013 to the date of the audit::

    1.1. All payroll and employee documents including, but not limited to, EMPLOYERS' payroll journals, employees earning records, certified payrolls, payroll check books and stubs, canceled payroll checks, payroll time cards, state and federal payroll tax returns, labor distribution journals, any other documents reflecting the number of hours which EMPLOYERS' employees worked, their names, social security numbers, addresses, job classifications and each of the projects on which the employees performed their work, including those documents maintained by EMPLOYER in electronic format.

319894.1

    1.2. All EMPLOYERS' job files for each contract, project or job on which EMPLOYERS worked, including all documents, agreements, and contracts between EMPLOYERS and any general contractor, subcontractor, builder and/or developer, field records, job records, notices, project logs, supervisor's diaries or notes, employees diaries, memorandum, releases and any other documents which related to the supervision of EMPLOYERS' employees and the projects on which they performed their work, including those documents maintained by EMPLOYER in electronic format.

    1.3. All EMPLOYERS' documents, including those documents maintained by EMPLOYER in electronic format, related to cash receipts, including but not limited to, the cash receipts journals, accounts receivable journal, accounts receivable subsidiary ledgers and billing invoices for all contracts, projects or jobs on which EMPLOYERS worked.

    1.4. All EMPLOYERS' bank statements for all checking, savings and investment accounts, including those documents maintained by EMPLOYER in electronic format.

    1.5. All EMPLOYERS' documents related to cash disbursements, including but not limited to, vendors' invoices, cash disbursement journal, accounts payable journals, check registers, and all other documents including those documents maintained by EMPLOYER in electronic format which indicate cash disbursements .

    1.6. All collective bargaining agreements between EMPLOYERS' and any trade union  and all Monthly Report Forms submitted by EMPLOYERS to any union trust fund.

  2. For any delinquent contributions, liquidated damages, interests, audit costs, attorneys fees and costs as required by the agreements and ERISA § 502(g)(2),

12

29 U.S.C. § 1132(g)(2);

    3.    For reasonable attorneys' fees;

    4.    For TRUST FUNDS' costs of suit herein;

    5.    For such other and further relief as the Court deems proper.

## **FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF**

    1.    That this Court issue the following preliminary and permanent prohibitory and mandatory injunctions against EMPLOYER, his agents, managing employees, successors, assigns, and all those in active concert or participation with EMPLOYER:

        1.1.    That EMPLOYERS be ordered to deliver the following, or cause to be delivered, to the TRUST FUNDS' offices no later than 4:30 p.m., on the 20th day of each month for the duration of the AGREEMENTS:

        1.2.    A complete, truthful and accurate "Employers' Monthly Report to Trustees" covering all employees which EMPLOYERS employed who were covered by the AGREEMENTS commencing with EMPLOYERS' May 2017 reports;

        1.3.    An affidavit or declaration from EMPLOYER or his agents or responsible managing employees, attesting from their own personal knowledge under pain of perjury to the completeness, truthfulness and accuracy of the Employers Monthly Report to the Trustees; and

        1.4.    A cashier's check made payable to the Construction Laborers Trust Funds for Southern California for the full amount of the fringe benefit contributions due on Employers Monthly Reports for each account for which a report is to be submitted.

    2.    For reasonable attorney's fees;

    3.    For costs of suit herein; and

13

319894.1

4. For such other and further relief as the Court deems proper and just.

### FOR PLAINTIFF'S FOURTH CLAIM FOR RELIEF

1. For up to the sum of $4,000.00 from ACIC on its ACIC BOND, plus interest at the legal rate per annum from the date contributions became due;

2. For the costs of suit herein;

3. For reasonable attorneys' fees;

4. For such other and further relief as the Court deems just and proper.

                                        Respectfully Submitted,

DATED: June 16, 2017              ALEXANDER B. CVITAN,
MARSHA M. HAMASAKI, and
PETER A. HUTCHINSON, Members of
REICH, ADELL & CVITAN,
A Professional Law Corporation

                                        By   /s/ Marsha M. Hamasaki
                                            MARSHA M. HAMASAKI
                                            Attorneys for Plaintiff

14

319894.1